NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LIANA KALICO GARSO, *Appellant.*

No. 1 CA-CR 19-0475
FILED 5-14-2020

Appeal from the Superior Court in Maricopa County
No.  CR 2017-002894-002
The Honorable Jacki Ireland, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Office of the Legal Defender, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

**C A M P B E L L**, Judge:

¶1　　　This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Garso was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Garso, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**BACKGROUND**

¶2　　　In January 2016, Garso and her then-husband went to Fast Auto Loans with a title to a Lincoln Navigator to obtain a title loan. The title to the Navigator was in the name of Garso and her brother-in-law. Garso completed the application and requested a loan in her name only for $15,000. She presented the Navigator title as a security. An employee of Fast Auto Loans verified the title to the vehicle was clear, obtained approval from his manager, and issued a check to Garso for $15,000.

¶3　　　The repayment of the loan was set to begin ten days later with an interest rate of 121.63 percent. Garso cashed the check and gave $15,000 to her husband.

¶4　　　Garso never made any payment on the loan. Fast Auto Loans attempted to call Garso multiple times, but only reached her two or three times over a three-year period. During the last contact in 2019, Garso informed Fast Auto Loans that she was unemployed, did not have the vehicle, and could not make the loan repayments. Fast Auto Loans attempted to locate and repossess the Navigator but was unsuccessful.

¶5　　　After receiving a report from Fast Auto Loans, Detective Bruno of the Chandler Police Department began searching for the Navigator. He determined the title had been "washed," which meant

something may have been "altered" on the title. Detective Bruno also found that another loan company had repossessed the vehicle based on a prior loan.

**¶6** The State charged Garso with theft, a class 3 felony.[1] Garso took the stand to explain that her husband was responsible for paying all of their bills. She believed her husband was making payments on the loan, until Fast Auto Loans contacted her. She also denied any knowledge about the defect on the vehicle title.

**¶7** After trial, a jury found Garso guilty of theft. The superior court suspended the imposition of sentence, placing Garso on supervised probation for a term of three years. Garso timely appealed.

## DISCUSSION

**¶8** After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Garso was present and represented by counsel at all critical stages of the proceedings. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Garso's constitutional and statutory rights. Therefore, we affirm Garso's conviction and sentence.

**¶9** Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs Garso of the outcome of this appeal and her future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Garso has 30 days from the date of this decision to proceed, if she wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[1]    The State also alleged one count of forgery, a class 4 felony. The jury found Garso not guilty on this count, and the State did not appeal that ruling.